IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| LARRY WAYNE MEANS | § | |
| v. | § | CIVIL ACTION NO. 6:15cv668 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Petitioner Larry Means, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of his conviction. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

**I. The Facts of the Case**

Means pleaded guilty to and was convicted of felony driving while intoxicated, receiving a sentence of 50 years in prison. He complained that his attorney, John W. Moore II, failed to investigate the warrantless blood draw and told Means there was no basis for a motion to suppress the blood test, but the Supreme Court case of *Missouri v. McNeely*, 133 S.Ct. 1552 (2013) held that where police officers can reasonably obtain a warrant before a blood sample is drawn, they must do so. Although this decision was rendered over seven months before Means entered his plea, he complains counsel failed to file a motion to suppress.

Means also complained that counsel failed to advise him of a flaw in the indictment, in that the indictment charged him with "driving while intoxicated 3rd or more" and contained three allegations of prior DWI convictions and one allegation of an arson conviction, but not a repeat or

1

habitual offender notice. Thus, Means argued that each of the alleged prior offenses were elements of the charged offense and only the arson conviction could be used to enhance the punishment range, making the charged offense a second-degree felony carrying a punishment range of two to 20 years, well under the 50-year sentence he received. He further complained that counsel told him he had no issues for appeal and therefore should waive his appellate rights.

## II. The Report of the Magistrate Judge

After review of the answer, Means' reply, and the state court records, the Magistrate Judge issued a Report recommending that the petition be denied. The Magistrate Judge observed that in McNeely, the Supreme Court did not hold that the taking of a blood sample in the absence of a warrant was *per se* invalid, but that the reasonableness of a warrantless blood test had to be determined on a case by case basis in light of the totality of the circumstances. Means offered nothing to suggest that under the totality of the circumstances in his case, a motion to suppress filed by counsel would likely have been granted; thus, the Magistrate Judge concluded that Means had failed to show that but for counsel's alleged dereliction, the result of the proceeding would probably have been different. See *Ward v. Dretke*, 420 F.3d 479, 488 (5th Cir. 2005) (attorney's failure to file a motion to suppress may constitute deficient performance if the evidence would have been suppressed as a result of the motion); *Kimmelman v. Morrison*, 477 U.S. 365, 375, 106 S.Ct. 2674, 2583, 91 L.Ed.2d 305 (1986) (where petitioner alleges that defense counsel failed to litigate a Fourth Amendment claim competently, the petitioner must show that his Fourth Amendment claim is meritorious and that there is a reasonable probability that the verdict would have been different absent the excludable evidence in order to demonstrate actual prejudice).

The Magistrate Judge next observed that Means signed a judicial confession attesting that he was guilty of the offense alleged and that this statement carried a strong presumption of verity which Means failed to overcome. The entry of a guilty plea with an eye toward showing the finder of fact that the defendant deserves credit for admitting guilt can be a legitimate trial strategy, and

the Magistrate Judge concluded that Means failed to overcome the presumption that counsel's trial strategy was sound.

The Magistrate Judge stated that Means' indictment contained four paragraphs, of which the first alleged the primary offense of driving while intoxicated (3rd offense), the second contained the two prior convictions which made the primary offense the third offense, and the third and fourth paragraphs contained prior felony offenses used for purposes of enhancement. Because Means committed a felony offense and had previously been convicted of two earlier felony offenses, the Magistrate Judge determined that the proper range of punishment was 25 to 99 years or life, and Means was advised of this.

The state habeas court made findings of fact that Moore advised Means to sign a waiver of appeal and Moore made clear that the decision belonged to Means, and that the trial court admonished Means that the final decision to plead guilty and waive appeal was his and his alone. Means did not rebut these findings by clear and convincing evidence. The Magistrate Judge also stated that Means failed to show that but for counsel's actions, he could have raised meritorious grounds on appeal. Thus, the Magistrate Judge recommended that Means' petition be denied and that Means be denied a certificate of appealability *sua sponte*.

### III. Means' Objections to the Report

In his objections, Means states first that the reasoning for the warrantless blood draw was an unconstitutional state statute. He asserts that "if the natural dissipation of alcohol in the blood does not constitute an exigency sufficient to justify conducting a blood test without a warrant, then surely an unconstitutional state statute cannot justify conducting a blood test without a warrant." He contends that "without a blood test there is no absolute proof of driving while intoxicated" and that he has unexplained medical conditions which would impair his ability to perform the tasks required. He also states that it was 2:43 a.m. and "drowsiness is a known impairment to a sobriety test." He maintains that he would not have pleaded guilty but would have insisted on going to trial had counsel not been ineffective.

**IV. Discussion**

Intoxication is defined under Texas law as either not having the normal use of mental or physical faculties by reason of the introduction of alcohol, drugs, or any other substance into the body, or a blood alcohol concentration of .08 or more. Tex. Penal Code Ann. art. 49.01(2). The fact that a person lacks the normal use of his physical or mental faculties by reason of the introduction of alcohol or drugs into his body may be proved by circumstantial evidence. *Paschall v. State*. 285 S.W.3d 166, 176 (Tex.App.-Fort Worth 2009, pet. ref'd), *citing Smithhart v. State*, 503 S.W.2d 283, 284 (Tex.Crim.App. 1973); *see also Compton v. State*, 120 S.W.3d 375, 380 (Tex.App.-Texarkana 2003, pet. ref'd) (evidence was sufficient to support conviction for driving while intoxicated when the jury had the state trooper's testimony concerning the stop as well as the video recording of the appellant's field sobriety tests).

Although Means argues that there is no absolute proof of intoxication without a blood test, he fails to show that the evidence would not support a conviction even had his blood test been suppressed. He was seen driving at a high rate of speed, his vehicle struck a curb and lost a wheel but he continued to try to drive for a short distance, he was unsteady on his feet and had a strong odor of alcohol, he gave inconsistent answers as to where he had been, and he failed three field sobriety tests.

Furthermore, as the Magistrate Judge correctly stated, Means wholly failed to show that under the totality of the circumstances in his case, a motion to suppress would likely have been granted. Means argues that the reason for the blood draw was "an unconstitutional state statute," but he does not identify any such statute. Several Texas appellate courts have held that Tex. Transportation Code art. 724.012, regarding the taking of blood or breath specimens, is constitutional on its face. *Cosino v. State*, slip op. no. 10-14-00221-CR, 2016 Tex.App. LEXIS 8294 (Tex.App.-Waco, August 3, 2016); *Gore v. State*, 451 S.W.3d 182, 189 (Tex.App.-Houston [1st Dist.] 2014, pet. ref'd); *State v. Martinez*, civil action no. 13-14-00117-CR, Tex.App.-LEXIS 4380 (Tex.App.-Corpus Christi, April 30, 2015). The Supreme Court held that a number of factors could

affect the analysis of whether an exigency existed excusing the requirement to obtain a warrant, including the need to attend to a car accident, the procedures in place for getting a warrant, or the availability of a magistrate to issue the warrant. *McNeely*, 133 S.Ct. at 1568. Means did not address whether or not any exigent circumstances may have existed in his case which could have excused the requirement of obtaining a warrant. Because Means has not shown that counsel was ineffective for failing to file a motion to suppress or that but for this failure, the result of the proceeding would probably have been different, his objection on this point is without merit.

Means next argues that "the fact that the offense charged with DWI 3rd or more renders any prior DWI as elements of the offense." Thus, he contends that the previous conviction for DWI 3rd or more was necessarily an element of the offense and was not available for enhancement purposes.

As the Magistrate Judge properly determined, paragraph 1 of the indictment charged Means with driving while intoxicated on February 24, 2013, which was the primary offense. Paragraph 2 alleged that he had previous convictions for driving while intoxicated on March 5, 1992, and September 15, 1993. These two previous convictions elevated the primary offense to felony DWI. Paragraph 3 alleged that Means was convicted of arson on September 7, 1993, which is the first prior felony alleged for enhancement, and paragraph 4 alleged that Means was convicted of felony DWI on June 7, 2007, which is the second prior felony alleged for enhancement. Texas law permits a prior felony DWI charge to enhance a present felony DWI charge when all of the charges are separate and distinct. *Ex Parte Serrato*, 374 S.W.3d 636, 637 (Tex.App.-Fort Worth 2012, pet. ref'd). Means has failed to show that the felony DWI alleged in paragraph 4 of the indictment was an element of the offense rather than a separate felony alleged for enhancement. His objection on this point is without merit.

Third, Means contends that the Magistrate Judge failed to address his claim that his guilty plea was the product of ineffective assistance of counsel. The Magistrate Judge determined that counsel did not render ineffective assistance and that Means failed to show that his guilty plea was involuntary or coerced. Because counsel did not render ineffective assistance, Means has failed to

show that but for counsel's alleged errors, he would not have pleaded guilty but would have insisted on going to trial. *See Joseph v. Butler*, 838 F.2d 786, 791 (5th Cir. 1988) (mere allegations from petitioner that he would have demanded a trial if counsel's advice had been different are insufficient to establish a reasonable probability that he would have actually done so); *DeVille v. Whitley*, 21 F.3d 654, 657 (5th Cir. 1994) (where defendant understands the charges against him and the consequences of a plea, and voluntarily chooses to plead guilty without being coerced to do so, this plea will be upheld on federal review). The evidence was sufficient to support a finding of guilt even had counsel filed a successful motion to suppress, and Means has offered nothing beyond conclusory allegations to suggest that he would have insisted on a trial had counsel's actions been different. His objections are without merit.

## V. Conclusion

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which the Petitioner objected. *See* 28 U.S.C. §636(b)(1) (district judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.") Upon such *de novo* review, the Court has determined that the Report of the Magistrate Judge is correct and the Petitioner's objections are without merit. It is accordingly

**ORDERED** that the Petitioner's objections are overruled and the Report of the Magistrate Judge (docket no. 15) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the above-styled application for the writ of habeas corpus is **DISMISSED WITH PREJUDICE**. It is further

**ORDERED** that the Petitioner Larry Means is **DENIED** a certificate of appealability *sua sponte*. Finally, it is

**ORDERED** that any and all motions which may be pending in this action are hereby **DENIED.**

So **ORDERED** and **SIGNED** this **18** day of **August, 2016.**

_____
Ron Clark, United States District Judge